UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robert C. Hurlburt

    v.                                        Civil No. 07-cv-363-PB

Kelly Ayotte[1]

**O R D E R**

Before the Court is Robert Hurlburt's petition for a writ of habeas corpus (document no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring initial review to determine whether the petition is facially valid); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)

---

[1] Because petitioner is currently in custody under a State court judgment, the proper respondent is the state officer who has custody of petitioner. See Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts (§ 2254 Rule"). Because Hurlburt is a New Hampshire inmate currently being housed at a prison in Florida, I find that Hurlburt is actually in custody of the New Hampshire Department of Corrections and its Commissioner, William Wrenn. Petitioner has named Kelly Ayotte, the Attorney General of New Hampshire as the respondent to this action. The Attorney General need only be named as a respondent to a § 2254 petition when the petitioner is not yet in custody. See § 2254 Rule 2(b). Accordingly, I will construe the petition as naming William Wrenn as the proper respondent to this action.

(authorizing magistrate judge to preliminarily review pro se filings by incarcerated persons).

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.

See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On February 9, 2005, petitioner Robert Hurlburt entered a guilty plea to aggravated driving while intoxicated, conduct after an accident, unauthorized use of a motor vehicle, prohibited sale of alcohol, and false swearing to law enforcement in the Strafford County Superior Court. On September 7, 2005, Hurlburt was sentenced in absentia. Because Hurlburt had entered a "naked plea," no agreement as to sentencing had been reached between Hurlburt and the prosecution prior to the plea. At the time of his plea, Hurlburt understood and acknowledged that the prosecution would seek extended term prison sentences pursuant to N.H. Rev. Stat. Ann. 651:6, I(c). Hurlburt, however, maintained his right to object to extended term sentences and argue for a lesser sentence. At the prosecution's request, the trial court imposed extended term sentences and sentenced Hurlburt to serve two 10-20 year sentences and three 2 ½ - 5 year sentences.

Hurlburt appealed his sentence to the New Hampshire Supreme Court, arguing that the trial court exceeded it's statutory authority by imposing extended term sentences without first

making the statutorily required finding that Hurlburt had twice previously served distinct prison terms in excess of one year. The New Hampshire Supreme Court affirmed the sentences on march 2, 2007.  This petition followed.

Hurlburt now argues that his Fourteenth Amendment right to due process was denied when the trial court imposed an extended term sentence without making the statutorily required factual findings, as Hurlburt did not waive his right to have the trial court make those findings on the record.  Hurlburt claims in his petition that the imposition of this sentence also deprived him of his Eighth Amendment right not to be subjected to cruel and unusual punishment.[2]

## Discussion

Under 28 U.S.C. § 2254, the federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  To be eligible for habeas relief, Hurlburt must show that he is both in

---

[2] The claims as identified here will be considered to be the claims raised in the petition for all purposes.  If Hurlburt disagrees with the claims as identified, he must file an amendment to his petition.

4

custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981).  Hurlburt satisfies the first eligibility requirement as he is currently serving his sentence and is thus in custody.  However, at this time, Hurlburt's petition demonstrates neither that he has fully exhausted his state remedies, nor that effective state remedies are unavailable to him.

   A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v. Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the

state courts to give them the first opportunity to remedy the claimed constitutional error).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

    While Hurlburt asserts that he has properly appealed his sentence to the New Hampshire Supreme Court, he has not provided this Court with sufficient information to demonstrate that he has actually raised the claims brought here, including the federal rights encompassed in the claims, to the state's highest court. Hurlburt has not attached any pleadings, court orders, or other documents demonstrating that the federal constitutional claims raised here have been presented to the New Hampshire Supreme Court for consideration.  Because such a showing is necessary to demonstrate exhaustion, I find that Hurlburt has not yet demonstrated exhaustion of state court remedies.

    Rather than dismiss the petition for failing to demonstrate exhaustion of each claim, I will direct Hurlburt to amend his petition to include, for each federal constitutional claim

presented in his petition, documentation, including orders, motions, petitions, notices of appeal, briefs, or other pleadings, showing that the issues presented here, including the precise federal nature of the issues, were in fact presented to the state courts, including the New Hampshire Supreme Court, for consideration.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  If Hurlburt must, to satisfy the exhaustion requirement set out here, return to the state courts to fully exhaust his claims before he can make the required amendment to his current petition, he must request a stay in these proceedings, which I will grant, to allow him to exhaust his claims and amend his petition.  See Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.").

## Conclusion

Hurlburt is ordered to amend his petition within thirty (30) days of the date of this Order to notify this Court as to whether

(1) he has already exhausted all of his claims and to demonstrate exhaustion here, or (2) he intends to return to the state court to complete exhaustion prior to amending his petition to demonstrate exhaustion here.  If Hurlburt chooses to exhaust any unexhausted claims prior to filing his amended petition, he must commence state court action to exhaust all of the unexhausted claims, and file a motion to stay this action in this Court, within thirty (30) days of the date of this Order.

If the petition is stayed to allow Hurlburt to complete exhaustion of his claims, Hurlburt is ordered to contact this Court every ninety (90) days, beginning ninety (90) days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings.  When the New Hampshire Supreme Court has ruled on his claims, and the claims are thus exhausted, Hurlburt must, within thirty (30) days of being notified of the Supreme Court's final ruling, notify this Court of that ruling, submit to this Court the New Hampshire Supreme Court's ruling, as well as all briefs or other pleadings filed in that court, and file a request that this Court lift the stay and further consider his petition.

Failure to amend his petition as directed, to proceed promptly in the state court if Hurlburt has not yet exhausted his claims, or failure to comply with the notification requirements of this Order, may result in the dismissal of the petition for failing to demonstrate exhaustion of all of the claims presented.[3]

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:   March 6, 2008

cc:     Robert C. Hurlburt, pro se

---

[3] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Hurlburt's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).