**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Robert C. Hurlburt

    v.                                                    07-cv-363-PB

William Wrenn, Commissioner,
New Hampshire Department of Corrections

**O R D E R**

    This petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, initially came before the Court for preliminary review to determine whether it was facially valid to enable it to proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court District of New Hampshire Local Rule 4.3(d) (authorizing the magistrate judge to preliminarily review pro se prisoner pleadings). Hurlburt's petition challenged his sentence as imposed in violation of the Eighth and Fourteenth Amendments to the federal constitution.

    On March 6, 2008, I directed Hurlburt to amend his petition to demonstrate that his federal constitutional claims were

exhausted in the state courts. In response, Hurlburt requested a stay in this matter so that he might return to the state courts to exhaust his unexhausted claims. I granted Hurlburt's motion for a stay.

Hurlburt has now submitted an addendum to his petition (document no. 9) demonstrating that he has returned to the state courts and presented the federal nature of the claims raised in his federal habeas petition in the trial court and in the New Hampshire Supreme Courts. Having been given the opportunity to consider Hurlburt's claims, the New Hampshire Supreme Court dismissed Hurlburt's appeal on January 8, 2009.

I find that Hurlburt has now given the state courts, including the New Hampshire Supreme Court, the opportunity to pass on his federal constitutional claims. Accordingly, the matter has been exhausted. See Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error); Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997); Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

As the claims have been exhausted, the petition may now be considered.  See 28 U.S.C. § 2254(a) and (b) (providing that the writ "shall not be granted" unless petitioner is in state custody and has exhausted all available or effective state remedies).  I, therefore, order the petition to be served on respondent.  See § 2254 Rule 4.

The petition shall be served upon William Wrenn, the Commissioner of the New Hampshire Department of Corrections, who shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement On Acceptance Of Service, copies of this Order, my March 6, 2008 Order (document no. 4), and the habeas petition and addenda thereto (document nos. 1 & 9).

Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:    February 27, 2009

cc:      Robert C. Hurlburt, pro se